**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**FITOLAY J. DEMESMIN,**

      **Plaintiff,**

**vs.**                             **Case No. 4:11cv81-WS/WCS**

**OFFICER ANDREW GAZAPIAN,
and SECRETARY EDWIN BUSS,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se,* submitted a civil rights complaint under 42 U.S.C. § 1983, doc. 1, and a motion seeking leave to proceed *in forma pauperis*, doc. 2. In a separate order entered this day, the motion has been granted.

Simultaneously with the filing of the complaint, Plaintiff filed a notice of change of address. Doc. 3. Review of these three documents indicate Plaintiff signed the documents on February 22, 2011, and gave them to prison officials for mailing. The notice of change of address advises that Plaintiff was being released from prison on February 23, 2011, and he is now no longer incarcerated. If this case were to continue, Plaintiff would be required to submit an amended financial affidavit to determine his

continued entitlement to *in forma pauperis* status. This case should not, however, continue.

Plaintiff's complaint has been reviewed pursuant to 28 U.S.C. § 1915A. Plaintiff alleges that on one particular day, January 30, 2011, a correctional officer (Defendant Gazapian) came to Plaintiff's cell to question him about why he was refusing his milk. Doc. 1. Plaintiff answered that he refused it because the orderly inmate serving the milk contaminated it when his index finger went into the cup of milk when delivering it to Plaintiff. *Id.* The Defendant then used unprofessional and demeaning language to Plaintiff, telling Plaintiff to accept the beverage. *Id.* When Plaintiff continued to refuse, the Defendant threw the milk beverage into Plaintiff's cell through the cell flaps, "drenching" Plaintiff in milk. *Id.* Plaintiff contends his Eighth Amendment rights were violated by this incident and seeks $250,000.00 in damages and to have battery charges brought against the Defendant. *Id.* Plaintiff states that he exhausted administrative remedies prior to filing.

It is possible that Plaintiff exhausted administrative remedies, but the three stages of exhaustion (informal grievance, formal grievance, and appeal to the Office of the Secretary) do not usually occur within such a short time frame. Plaintiff alleged the incident occurred on January 30th, and the complaint was signed on February 22, 2011. For present purposes, Plaintiff's assertion of exhaustion is accepted.

A claim that excessive and unnecessary force was used by correctional officers is founded upon the Eighth Amendment and requires a showing of "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). Relevant to the inquiry will be "the need for the application of

force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." *Id.* at 320; *see e.g.*, Williams v. Burton, 943 F.2d 1572, 1575 (11th Cir. 1991). The court should take a deferential view, "balancing the prisoner's Eighth Amendment rights with the competing institutional concerns for the safety of prison staff and inmates." Williams, 943 F.2d at 1575.

"The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Hudson v. McMillian, 503 U.S. 1, 7, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). However, "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action. . . . The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson, 503 U.S. at 9-10, 112 S.Ct. at 1000 (citations and internal quotation marks omitted).

The Constitution does not guarantee that all state officers will always treat citizens, whether free or incarcerated, with respect, dignity, patience, and civility. We expect that state officers will do so, and act in a professional manner, but incivility and use of profane language is not a violation of the constitution. A drenching with milk is also offensive and might give rise to a common law tort, but it is not the sort of use of force that is repugnant to the conscience of mankind. This case should be dismissed as failing state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

complaint, doc. 1, be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2), and

that the order adopting this report and recommendation direct the Clerk of Court to note

on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on March 7, 2011.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**